UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

○

**CIVIL MINUTES - GENERAL**

| Case No. | CV 06-7816 CAS (CWx) | Date | April 28, 2008 |
|---|---|---|---|
| Title | S&S DEVELOPMENT CO; ET AL. v. ILLINOIS UNION INS. CO. | | |

| Present: The Honorable | CHRISTINA A. SNYDER | | |
|---|---|---|---|
| CATHERINE JEANG | LAURA ELIAS | N/A | |
| Deputy Clerk | Court Reporter / Recorder | Tape No. | |

| Attorneys Present for Plaintiffs: | Attorneys Present for Defendants: |
|---|---|
| Jeffrey Ellis | Matthew Elstein |

**Proceedings:** PLAINTIFFS' MOTION FOR ORDER CONFIRMING RIGHT TO JURY TRIAL ON FIRST THROUGH FOURTH CLAIMS IN SUPPLEMENTAL COMPLAINT AND FIRST AND SECOND CLAIM IN ORIGINAL COMPLAINT (filed 12/17/07)

**I.   INTRODUCTION**

On October 25, 2006, plaintiffs S&S Development Company ("S&S") and Jeffrey Susa filed a complaint against defendant Illinois Union Insurance Company in the Los Angeles County Superior Court. Defendant filed an answer on December 8, 2006. On the same day, defendant timely removed the action to this Court on the basis of diversity jurisdiction.

The complaint alleges that defendant issued to S&S a business and management indemnity policy, Policy No. BMI200025300 ("the Policy"), which provided coverage, on a claims made basis, to S&S and its officers, directors, and employees, from September 11, 2005, until September 11, 2006. Compl. ¶¶ 8-9.

Plaintiffs allege that on or about June 1, 2006, they were served with a first amended complaint filed in the Los Angeles County Superior Court in Pearson, et al. v. Richard Yukes, et al., Civil No. LC 074211 ("the Pearson California Suit"). The Pearson California Suit alleges that plaintiffs committed wrongful acts in serving as a commercial real estate broker and/or commercial property manager. Id. ¶ 10. Plaintiffs further allege that on or about September 1, 2006, plaintiffs were served with a first amended complaint filed in the Clark County Nevada District Court, in Pearson, et al. v. Richard Yukes, et al., No. A-519391 ("the Pearson Nevada Suit"), alleging virtually the same claims as those alleged Pearson California suit. Id. ¶ 13. Plaintiffs allege that they tendered both

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

O

**CIVIL MINUTES - GENERAL**

| Case No. | CV 06-7816 CAS (CWx) | Date | April 28, 2008 |
|---|---|---|---|
| Title | S&S DEVELOPMENT CO; ET AL. v. ILLINOIS UNION INS. CO. | | |

of these claims to defendant in a timely fashion. Id. ¶¶ 11, 14.

The complaint alleges that defendant refused to provide a defense to plaintiffs in either action and failed to advise plaintiffs as to whether it intended to provide such a defense, in breach of its obligations under the Policy. Id. ¶¶ 12, 15, 18, 21. In the complaint, plaintiffs allege claims for (1) breach of contract, (2) tortious breach of the implied covenant of good faith and fair dealing, and (3) declaratory relief.

No jury demand was made by plaintiff at the time the complaint was filed, and no jury demand was made after the case was removed to this Court.

Plaintiffs thereafter filed a supplemental complaint on June 4, 2007, pursuant to leave of Court. The supplemental complaint demands a jury trial.

The supplemental complaint incorporates the allegations of the original complaint and further alleges that on November 16, 2006, defendant agreed to provide a defense to plaintiffs that was retroactive to when defendant first learned of plaintiffs' indemnity claims. Supp. Compl. ¶ 18. Plaintiffs allege that the defense offered by defendant was "materially inadequate and less than required by the policy" because defendant "only agreed that it would pay a portion of the cost for independent defense counsel selected by the Insureds, rather than the actual cost of said counsel." Id. Specifically, plaintiffs allege that defendant wrongly maintains that the insurance agreement is governed by Cal. Civ. Code § 2860(c), rather than by Nevada law, and, as a result, defendant refuses to compensate plaintiffs for the legal fees that they have actually incurred to date.[1] Id. ¶¶ 30, 37, 41. Additionally, plaintiffs allege that notwithstanding defendant's promise to pay a portion of plaintiffs' defense costs, defendant has failed to do so. Id. ¶ 19.

---

[1] Plaintiffs appear to be referring to the following language in Cal. Civ. Code § 2860(c):

> The insurer's obligation to pay fees to the independent counsel selected by the insured is limited to the rates which are actually paid by the insurer to attorneys retained by it in the ordinary course of business in the defense of similar actions in the community where the claim arose or is being defended.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | CV 06-7816 CAS (CWx) | Date | April 28, 2008 |
|---|---|---|---|
| Title | S&S DEVELOPMENT CO; ET AL. v. ILLINOIS UNION INS. CO. | | |

The supplemental complaint alleges claims for (1) breach of contract, (2) tortious breach of the implied covenant of good faith and fair dealing, (3) breach of contract based on defendants' wrongful refusal to pay the insureds' defense counsels' reasonable attorneys' fees, (4) tortious breach of the implied covenant of good faith and fair dealing based on defendants' wrongful refusal to pay defense counsel's regular hourly rates, and (5) declaratory relief. On July 11, 2007, defendant filed an answer to the supplemental complaint.

On December 17, 2007, plaintiffs filed the instant motion for an order confirming their right to a jury trial on the first through fourth claims in the supplemental complaint and on the first and second claims in the original complaint. Defendant filed an opposition thereto on April 14, 2008. Plaintiffs filed a reply on April 21, 2008. A hearing was held on April 28, 2008. After carefully considering the arguments set forth by the parties, the Court finds and concludes as follows.

**II. DISCUSSION**

Pursuant to Fed. R. Civ. P. 38(d), "[a] party waives a jury trial unless its demand is properly served and filed." Rule 38(b) provides that

> [o]n any issue triable of right by a jury, a party may demand a jury trial by:
> (1) serving the other parties with a written demand -- which may be included in a pleading -- no later than 10 days after the last pleading directed to the issue is served; and
> (2) filing the demand in accordance with Rule 5(d).

Under Fed. R. Civ. P. 81(c)(3)(B),

> [i]f all necessary pleadings have been served at the time of removal, a party entitled to a jury trial under Rule 38 must be given one if the party serves a demand within 10 days after:
> (i) it files a notice of removal; or
> (ii) it is served with a notice of removal filed by another party.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

O

**CIVIL MINUTES - GENERAL**

| Case No. | CV 06-7816 CAS (CWx) | Date | April 28, 2008 |
|---|---|---|---|
| Title | S&S DEVELOPMENT CO; ET AL. v. ILLINOIS UNION INS. CO. | | |

It is undisputed that plaintiffs did not make a timely demand for a jury as to the original complaint in this action, and they concede that they are not entitled to a jury trial as to the issues raised in the original complaint. Reply 2. Plaintiffs argue, however, that the Supplemental Complaint raises new issues as to which they made a timely jury demand. Plaintiffs further argue that the Court, in its discretion, may submit the claims raised in the original complaint to a jury, pursuant to Fed. R. Civ. P. 39(b).[2] Plaintiffs argue that, in the interests of efficiency, it should do so.

In the Ninth Circuit, "the presentation of a new *theory* does not constitute the presentation of a new *issue* on which a jury trial should be granted under F. R. Civ. P, Rule 38(b)." Trixler Brokerage Co. v. Ralston Purina Co., 505 F.2d 1045, 1050 (9th Cir. 1974) (emphasis in original). "If 'the issues in the original complaint and the amended complaint turn on the same matrix of facts' a party's failure to demand a jury trial in response to the original complaint waives its right to a jury trial on the claims in the amended complaint." Betta Prods. v. Distrib. Sys. & Servs., 2007 U.S. Dist. LEXIS 45872, at *3-*4 (N.D. Cal. 2007) (quoting Las Vegas Sun, Inc. v. Summa Corp., 610 F.2d 614, 620 (9th Cir. 1979)); Lutz v. Glendale Union High Sch., Dist. No. 205, 403 F.3d 1061, 1066-67 (9th Cir. 2005) (holding that the plaintiff's amended complaint did not revive her right to a jury where there was "no significant difference" between the facts necessary to support her original claim under the ADA and those supporting her new, state law claims); see also, SeaCarriers Corp. v. Empire Programs, Inc., 2007 U.S. Dist. LEXIS 7812, at *2-*3 (S.D.N.Y. 2007) ("Where, as here, an amended pleading covers the same 'general area of dispute' as was covered in the original pleading, the filing of an amended complaint does not revive the right to demand a jury.").

Plaintiffs contend that defendant's refusal to fully indemnify plaintiffs for their attorneys' fees presents a new fact, giving rise to a new issue, because this refusal came after plaintiffs filed the original complaint. However, this fact is part of the same matrix of facts upon which the original complaint turns. Here, both the original complaint and the supplemental complaint raise one basic issue: whether defendant must indemnify

---

[2] Rule 39(b) provides that "[i]ssues on which a jury trial is not properly demanded are to be tried by the court. But the court may, on motion, order a jury trial on any issue for which a jury might have been demanded."

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | CV 06-7816 CAS (CWx) | Date | April 28, 2008 |
|---|---|---|---|
| Title | S&S DEVELOPMENT CO; ET AL. v. ILLINOIS UNION INS. CO. | | |

plaintiffs for attorneys' fees that they incurred while defending against the Pearson California Suit and the Pearson Nevada Suit. Plaintiffs tacitly acknowledge the common factual basis for the claims in the original complaint and the claims in the supplemental complaint in arguing that, for efficiency's sake, the Court should, in its discretion, present all of the claims to a jury. See Reply 2 ("since the jury will be trying the breach and bad faith issues arising under the Supplemental Complaint based on [defendant's] wrongful assertion of the right not to pay for the full cost of the defense and [its] failure to pay for the defense even after promising to do so . . . it makes far more sense to put all the fact issues to the jury to decide.").

Because the supplemental complaint does not present any new issues on which a jury trial should be granted, it does not revive plaintiffs' right to a jury trial.

**III. CONCLUSION**

In accordance with the foregoing, the Court finds and concludes that plaintiffs are not entitled to a jury trial.

IT IS SO ORDERED.

00  :  03

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| | | | |
|---|---|---|---|
| Case No. | CV 06-7816 CAS (CWx) | Date | April 28, 2008 |
| Title | S&S DEVELOPMENT CO; ET AL. v. ILLINOIS UNION INS. CO. | | |

Initials of Preparer      CMJ